Andrew ORDON, Plaintiff–Appellant,

v.

Karen L. KARPIE, and Murphy & Karpie, LLC, Defendants–Appellees.

No. 06–3347–cv.

United States Court of Appeals, Second Circuit.

April 10, 2008.

Philip M. French, Stamford, CT, for Plaintiff–Appellant.

Michael D. Neubert (Kevin M. Godbout, on brief), Neubert, Pepe & Monteith, P.C., New Haven, CT, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Andrew Ordon ("plaintiff") appeals from an order entered by the District Court on April 7, 2006 granting defendants' motion for summary judgment as amended by an order granting in part and denying in part a motion for reconsideration entered on June 9, 2006. Plaintiff, a plastic surgeon previously practicing in Connecticut and now in California, filed this diversity action against his former attorney, defendant-appellee Karen L. Karpie, a Connecticut resident, and her law firm, Murphy & Karpie, LLC, alleging negligence and breach of contract. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Ordon retained Karpie to represent him in proceedings before the Connecticut Medical Examining Board ("CMEB") after a patient reported to the Connecticut Department of Public Health ("CDPH") an adverse result in a surgery performed by plaintiff. Plaintiff alleges that Karpie advised him to settle the charges against him with the CDPH and accept a Consent Order and fine rather than proceed to a CMEB hearing, but that in doing so she negligently failed to inform him that he might be subject to disciplinary action by licensing authorities in other states pursuant to reciprocal discipline statutes. Plaintiff further alleges as consequences of the settlement that (1) his medical licenses in New York and California were subject to reciprocal disciplinary proceedings; (2) he was unable to obtain malpractice insurance and hospital accreditation for six months in California; (3) he lost income; (4) he suffered from depression; and (5) he became physically disabled as a result of stress-induced carpal tunnel syndrome. Defendant moved for summary judgment, arguing that plaintiff had failed to establish causation. The District Court agreed, and granted defendant's motion; plaintiff timely appealed. On appeal, plaintiff contends that his action is not based on claims of legal malpractice, but rather, on contract law and the tort of "negligent infliction of emotional distress." In the alternative, plaintiff argues that even if his cause of action was based on a theory of legal malpractice, he could establish causation through a medical expert rather than a legal one.

■ We review *de novo* a district court's orders granting summary judgment and focus on whether the District Court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g.,*

*Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). The District Court properly concluded that plaintiff's cause of action was grounded on claims of legal malpractice rather than negligent infliction of emotional distress. In order for the plaintiff to prevail in a case for liability under the tort of negligent infliction of emotional distress, four elements must be established: "(1) the defendant's conduct created a unreasonable risk of causing the plaintiff emotion distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress." *Carrol v. Allstate Ins. Co.,* 262 Conn. 433, 443, 815 A.2d 119 (2003). Plaintiff's complaint is devoid of essential allegations that would support such an action under Connecticut law. For example, the complaint does not allege that Karpie's conduct "created an unreasonable risk of causing [Ordon] emotional distress," or that Ordon's "distress was foreseeable." *Id.*

■ Plaintiff's action fails under a theory of legal malpractice as well. "As a general rule, for a plaintiff to prevail in a legal malpractice case in Connecticut, he must present expert testimony to establish the standard of proper professional skill or care." *Davis v. Margolis,* 215 Conn. 408, 416, 576 A.2d 489 (1990). In order to prevail, plaintiff must prove that but for defendant's alleged wrongful act—the recommendation that he settle with the CDPH—that he would have prevailed before the CMEB and there would not have been disciplinary action in New York and California. Plaintiff's only disclosed legal expert admitted that she had never represented a physician in disciplinary or medical malpractice actions and had "no way of knowing" whether plaintiff would have prevailed before the CMEB.

■ Plaintiff argues that causation in this case can be established by the testimony of a medical expert. We do not reach this question because the only medical expert plaintiff put forward is himself. As the District Court properly observed, plaintiff is "too intertwined with the facts of this case as the defendant in the underlying CMEB action and the plaintiff in this action" to "assist the trier of fact to understand the evidence or to determine a fact in issue." (quoting Fed.R.Evid. 702). Plaintiff's testimony "would be more prejudicial than probative because of the difficulty of separating Dr. Ordon's lay testimony about why he approached the surgery as he did from his expert testimony about what a competent professional would have done in the same circumstances." *See* Fed.R.Evid. 403 ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice"). Plaintiff is not qualified to serve as his own medical expert in this case and provided no other expert who could establish causation in this case.

■ To the extent plaintiff argues that his complaint sounds in negligent misrepresentation and lost chance claims, these challenges are unavailing. As the District Court found, the allegations supporting plaintiff's negligent misrepresentation claim "essentially mirrors those the court previously construed as asserting a legal malpractice claim." Thus, regardless of the label plaintiff attaches to the factual allegations, they arise out of an involve the same duty of care, breach of care, and causation of damages as in the legal malpractice context. Because plaintiff has not identified an expert witness to provide the required testimony on causation, his claim for negligent misrepresentation fails. As for plaintiff's lost chance claim, we note that he could have raised this claim during the pendency of the summary judgment proceedings. Moreover, in light of our conclusion that plaintiff's cause of action is based on a theory of legal malpractice only, we decline to find that the District Court erred in its construction of plaintiff's complaint.

### CONCLUSION

We have considered all of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, and substantially for the reasons stated by the District Court in its Ruling on Motion for Summary Judgment (filed on April 7, 2006) and its Motion for Reconsideration (filed on June 9, 2006), we **AFFIRM** the judgment of the District Court.